UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25-cv-60463-WPD

CARL LEONARD GOLDBERG,
ELBAY AHMADOV,

      Plaintiffs,

v.

IROCK LOANS, LLC,
IROCK LOANS CBF, LLC,
-IROCKLOANS I, LLC,
ROCK IT RENTALS, LLC,
ROCK IT PROPERTIES I, LLC,
ACTIVE PROPERTIES, LLC,
REALPRO, INC.,
REAL PRO RENTALS, LLC,
REALPRO HOLDINGS, INC.,
MARY BATISTA, and
JAMES VILLARROEL,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT [ECF NO. 19]

Defendants, by and through their undersigned counsel, hereby submit their answer and affirmative and other defenses to the amended complaint filed by Plaintiffs Carl Leonard Goldberg and Elbay Ahmadov [ECF No. 19].

### Answer to Amended Complaint

Defendants deny each and every allegation of Plaintiffs' amended complaint not expressly admitted below, and Defendants deny that Plaintiffs are entitled to any relief whatsoever. Defendants' answer to each of the specifically enumerated paragraphs of Plaintiffs' amended complaint is as follows:

1. In response to paragraph no. 1, Defendants acknowledge only that Plaintiffs purport

to bring an action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA").  Any and all remaining allegations of paragraph no. 1 not expressly admitted are denied, and Defendants deny that Plaintiffs are entitled to any relief whatsoever.

2.      Defendants deny the allegations set forth in paragraph no. 2.

3.      In response to paragraph no. 3, Defendants admit only that Defendant IRock Loans, LLC is a Florida limited liability company with its principal address located in Broward County, Florida.  Any and all remaining allegations of paragraph no. 3 not expressly admitted are denied.

4.      In response to paragraph no. 4, Defendants admit only that Defendant IRock Loans CBF, LLC is a Florida limited liability company with its principal address located in Broward County, Florida.  Any and all remaining allegations of paragraph no. 4 not expressly admitted are denied.

5.      In response to paragraph no. 5, Defendants admit only that Defendant -IRockloans I, LLC is an inactive Florida limited liability company with its principal address located in Broward County, Florida.  Any and all remaining allegations of paragraph no. 5 not expressly admitted are denied.

6.      In response to paragraph no. 6, Defendants admit only that Defendant Rock It Rentals, LLC is a Florida limited liability company with its principal address located in Broward County, Florida.  Any and all remaining allegations of paragraph no. 6 not expressly admitted are denied.

7.      In response to paragraph no. 7, Defendants admit only that Defendant Rock It Properties I, LLC is a Florida limited liability company with its principal address located in Broward County, Florida.  Any and all remaining allegations of paragraph no. 7 not expressly admitted are denied.

8. In response to paragraph no. 8, Defendants admit only that Defendant Active Properties, LLC is a Florida limited liability company with its principal address located in Broward County, Florida. Any and all remaining allegations of paragraph no. 8 not expressly admitted are denied.

9. In response to paragraph no. 9, Defendants admit only that Defendant RealPro, Inc. is a Florida corporation with its principal address located in Broward County, Florida. Any and all remaining allegations of paragraph no. 9 not expressly admitted are denied.

10. In response to paragraph no. 10, Defendants admit only that Defendant Real Pro Rentals, LLC is an inactive Florida limited liability company with its principal address located in Broward County, Florida. Any and all remaining allegations of paragraph no. 10 not expressly admitted are denied.

11. In response to paragraph no. 11, Defendants admit only that Defendant RealPro Holdings, Inc. is a Florida corporation with its principal address located in Broward County, Florida. Any and all remaining allegations of paragraph no. 11 not expressly admitted are denied.

12. Defendants deny the allegations set forth in paragraph no. 12.

13. Defendants deny the allegations set forth in paragraph no. 13.

14. Defendants deny the allegations set forth in paragraph no. 14.

15. Defendants deny the allegations set forth in paragraph no. 15.

16. Defendants deny the allegations set forth in paragraph no. 16.

17. Defendants deny the allegations set forth in paragraph no. 17.

18. Defendants deny the allegations set forth in paragraph no. 18.

19. Defendants deny the allegations set forth in paragraph no. 19.

20. Defendants deny the allegations set forth in paragraph no. 20.

21. Defendants deny the allegations set forth in paragraph no. 21.

22. Defendants deny the allegations set forth in paragraph no. 22.

23. Defendants deny the allegations set forth in paragraph no. 23.

24. Defendants deny the allegations set forth in paragraph no. 24.

25. Defendants deny the allegations set forth in paragraph no. 25.

26. Defendants deny the allegations set forth in paragraph no. 26.

27. Defendants deny the allegations set forth in paragraph no. 27.

28. Defendants deny the allegations set forth in paragraph no. 28.

29. Defendants deny the allegations set forth in paragraph no. 29.

30. Defendants deny the allegations set forth in paragraph no. 30.

31. Defendants deny the allegations set forth in paragraph no. 31.

32. Defendants deny the allegations set forth in paragraph no. 32.

33. Defendants deny the allegations set forth in paragraph no. 33.

34. Defendants deny the allegations set forth in paragraph no. 34.

35. Defendants deny the allegations set forth in paragraph no. 35.

36. Defendants deny the allegations set forth in paragraph no. 36.

37. Defendants deny the allegations set forth in paragraph no. 37.

38. Defendants deny the allegations set forth in paragraph no. 38.

39. Defendants deny the allegations set forth in paragraph no. 39.

40. Defendants deny the allegations set forth in paragraph no. 40.

41. Defendants deny the allegations set forth in paragraph no. 41.

42. Defendants deny the allegations set forth in paragraph no. 42.

43. Defendants deny the allegations set forth in paragraph no. 43.

44.     Defendants deny the allegations set forth in paragraph no. 44.

45.     Defendants deny the allegations set forth in paragraph no. 45.

46.     Defendants deny the allegations set forth in paragraph no. 46.

47.     Defendants deny the allegations set forth in paragraph no. 47.

48.     Defendants deny the allegations set forth in paragraph no. 48.

49.     Defendants deny the allegations set forth in paragraph no. 49.

50.     Defendants deny the allegations set forth in paragraph no. 50.

51.     Defendants deny the allegations set forth in paragraph no. 51.

52.     Defendants deny the allegations set forth in paragraph no. 52.

53.     Defendants deny the allegations set forth in paragraph no. 53.

54.     Defendants deny the allegations set forth in paragraph no. 54.

55.     Defendants deny the allegations set forth in paragraph no. 55.

56.     Defendants deny the allegations set forth in paragraph no. 56.

57.     Defendants deny the allegations set forth in paragraph no. 57.

58.     Defendants deny the allegations set forth in paragraph no. 58.

59.     Defendants deny the allegations set forth in paragraph no. 59.

60.     Defendants deny the allegations set forth in paragraph no. 60.

61.     Defendants deny the allegations set forth in paragraph no. 61.

62.     Defendants deny the allegations set forth in paragraph no. 62.

63.     Defendants deny the allegations set forth in paragraph no. 63.

64.     Defendants deny the allegations set forth in paragraph no. 64.

65.     Defendants deny the allegations set forth in paragraph no. 65.

66.     In response to paragraph no. 66, Defendants acknowledge only that Plaintiffs'

counsel purports to represent Plaintiffs in this action.  Any and all remaining allegations of paragraph no. 66 not expressly admitted are denied, and Defendants deny that Plaintiffs are entitled to any relief whatsoever.

**Count I**

67.     Defendants reaver and reallege their responses to paragraph nos. 1 through 66 of Plaintiffs' amended complaint as if fully set forth herein.

68.     Defendants deny the allegations set forth in paragraph no. 68.

69.     Defendants deny the allegations set forth in paragraph no. 69.

As to the "wherefore" provision immediately following paragraph no. 69, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

**Affirmative and/or Other Defenses**

By pleading the following as affirmative and/or other defenses, Defendants do not concede or acknowledge that they must prove each of the asserted defenses.  Plaintiffs retain the burden of proof on all matters necessary to state the claims purportedly asserted in the amended complaint and/or to establish entitlement to relief.  Without prejudice to their denials and other statements in their answer, Defendants assert the following defenses:

1.     Plaintiffs have failed to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred in whole or in part by the estoppel provisions of the Portal-to-Portal Act, to the extent Plaintiffs seek to bring this action as a collective, representative or class action.

3.     There is no enterprise or individual coverage under the FLSA.

4.     To the extent Plaintiffs were entitled to overtime wages under the FLSA and the regulations promulgated thereunder, Plaintiffs' claims for any such wages are barred in whole or

6

in part because Defendants did not suffer or permit the work, including any overtime work.

5.      Plaintiffs' claims are barred in whole or in part by the exemptions, exclusions, and credits provided for under the FLSA and the regulations promulgated thereunder, including, but not limited to, the exemptions set forth at 29 U.S.C. § 213(a), (b).

6.      Defendants have tendered and/or paid all monies owed to Plaintiffs in accordance with all applicable laws, including but not limited to all wages which may be due under the FLSA.

7.      Plaintiffs' claims are barred in whole or in part because Defendants at all times material hereto acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

8.      Plaintiffs' claims are barred in whole or in part due to the de minimis doctrine recognized under the FLSA.

9.      Although Defendants deny that they owe any wages or other amounts to Plaintiffs, if it is determined that such wages or other amounts are owed, then Plaintiffs cannot establish that any alleged violation of the FLSA was willful.

10.      Although Defendants deny that they owe any wages or other amounts to Plaintiffs, if it is determined that such wages or other amounts are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

11.      Although Defendants deny that they owe any wages or other amounts to Plaintiffs, if it is determined that such wages or other amounts are owed, then Plaintiffs are not entitled to liquidated damages.

12.      Defendants' actions regarding payroll practices and compliance with the FLSA

were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the FLSA.

13.     At all times material hereto, Defendants had good faith defenses, based in law and/or fact, which if upheld would have precluded any recovery by Plaintiffs based on the allegations of the amended complaint.

14.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, including, but not limited to, Plaintiffs seeking compensation for work not actually performed and/or Plaintiffs improperly reporting or recording the time Plaintiffs worked.

15.     Plaintiffs have suffered no damages.

16.     Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel because of reasons including, but not limited to, Plaintiffs seeking compensation for work not actually performed and/or Plaintiffs improperly reporting or recording the time Plaintiffs worked.

17.     To the extent Plaintiffs were entitled to overtime wages under the FLSA and the regulations promulgated thereunder, Plaintiffs' claims for any such wages are barred in whole or in part due to Plaintiffs' failure and/or refusal to accurately report or record the number of hours Plaintiffs worked.

18.     To the extent Plaintiffs were entitled to overtime wages under the FLSA and the regulations promulgated thereunder, Plaintiffs' claims for any such wages are barred in whole or in part due to Plaintiffs improperly reporting or recording hours that Plaintiffs did not actually work.

19.     Defendants are entitled to a set-off for any amounts paid to Plaintiffs for work Plaintiffs did not actually perform and/or for any amounts loaned or advanced to Plaintiffs which Plaintiffs have failed and/or refused to repay.

20. To the extent Plaintiffs was entitled to overtime wages under the FLSA and the regulations promulgated thereunder, Plaintiffs' claims for any such wages are barred in whole or in part because Defendants did not have actual or constructive knowledge that Plaintiffs were working the hours Plaintiffs claim, including any overtime hours.

21. To the extent Plaintiffs are attempting to maintain a collective, representative or class action, Plaintiffs lack standing to do so.

22. To the extent Plaintiffs are attempting to maintain a collective, representative or class action, Plaintiffs cannot establish the existence of any similarly situated individuals willing and/or eligible to participate as party-plaintiffs in this lawsuit, nor can Plaintiffs establish entitlement to class certification or notification.

23. To the extent Plaintiffs are attempting to maintain a collective, representative or class action, Defendants assert that this matter may not be maintained as a collective, representative or class action.

24. Plaintiffs' claims, and the claims of any alleged similarly situated individuals, are barred in whole or in part by the applicable statute of limitations. To the extent that the material period of time alleged in the amended complaint, or which might be alleged later in this action, predates the limitations period pursuant to 29 U.S.C. §§ 255(a) and 256, then such claims of Plaintiffs or allegedly similarly situated individuals are barred.

25. Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all time during which Plaintiffs were engaged in activities which were preliminary or post-preliminary to Plaintiffs' principal activities.

26. To the extent Plaintiffs were entitled to overtime wages under the FLSA and the regulations promulgated thereunder, Plaintiffs are only owed, at most, "half-time" for any hours

worked in excess of forty during any particular workweek.

27.     Plaintiffs' claims are barred in whole or in part by the doctrine of laches.  Plaintiffs' delay in asserting Plaintiffs' claims has unduly prejudiced Defendants.

28.     Plaintiffs were never "employees" of any of the Defendants as that term is defined and interpreted under the FLSA.

29.     To the extent that Plaintiffs obtain any recovery based on Plaintiffs' claims, Plaintiffs are nevertheless not entitled to an award of costs and attorney's fees based on the authority of Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

30.     Defendants reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

### Defendants' Demand for Costs and Attorney's Fees

Defendants are entitled to an award of costs and attorney's fees incurred in defense of Plaintiffs' FLSA claims because those claims, in whole or in part, have been brought in bad faith. See, e.g., Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541 (11th Cir. 1985), and Turlington v. Atlanta Gas Light Co., 135 F.3d 1428 (11th Cir. 1998).

WHEREFORE, Defendants, having answered Plaintiffs' amended complaint and asserted affirmative and other defenses, respectfully request that this Court dismiss Plaintiffs' amended complaint with prejudice and/or enter final judgment in their favor, award them reasonable attorney's fees and costs, and take such further action as is just and proper.

[This space intentionally left blank.]

Dated:   May 12, 2025                     Respectfully submitted,

                                          *s/ Adam S. Chotiner*
                                          Adam S. Chotiner, Esq.
                                          Florida Bar No. 0146315
                                          E-Mail:  achotiner@sbwh.law
                                          SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
                                          7777 Glades Road, Suite 400
                                          Boca Raton, FL 33434
                                          Tel: (561) 477-7800
                                          Fax: (561) 477-7722
                                          *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or via email.

*s/ Adam S. Chotiner*
ADAM S. CHOTINER, ESQ.

## SERVICE LIST

*Carl Leonard Goldberg v. IRock Loans, LLC, et al.*
Case No. 0:25-cv-60463-WPD
United States District Court, Southern District of Florida

| | |
|---|---|
| Elliot A. Kozolchyk, Esq.<br>E-Mail: ekoz@kozlawfirm.com<br>Koz Law, P.A.<br>800 East Cypress Creek Road, Suite 421<br>Fort Lauderdale, FL 33334<br>Tel: (786) 924-9929<br>Fax: (786) 358-6071<br>Counsel for Plaintiffs<br>*Via CM-ECF* | Adam S. Chotiner, Esq.<br>E-Mail: achotiner@sbwh.law<br>Shapiro, Blasi, Wasserman &<br>Hermann, P.A.<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL  33434<br>Tel: (561) 477-7800<br>Fax: (561) 477-7722<br>Counsel for Defendants<br>*Via CM/ECF* |